UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Colleen L. Klucas,<br><br>  Plaintiff,<br><br>v.<br><br>M.H. Graff & Associates, Austin Management LLC d/b/a Austin Management Associates, and Oak Park Mall Limited Partnership,<br><br>  Defendants. | Case No. 20-cv-00762 (SRN/TNL)<br><br><br><br>**ORDER** |

Michael A. Fondungallah, Fondungallah & Kigham, LLC, 2499 Rice Street, Suite 145, St. Paul, MN 55113, for Plaintiff.

Elizabeth J. Roff, Brown & Carlson, 300 Highway 169 South, Suite 500, Minneapolis, MN 55426; and James E. Dahl, Dahl & Bonadies, 30 North Lasalle Street, Suite 1500, Winnetka, IL 60093, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 15] filed by Defendants M.H. Graff & Associates, Austin Management LLC d/b/a Austin Management Associates, and Oak Park Mall Limited Partnership (collectively, "Defendants"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS in part** and **DENIES in part** the motion.

**I.    BACKGROUND**

From 1995 to her resignation in 2019, Plaintiff Colleen Klucas was employed by Defendants to manage several malls operated by Defendants. (Am. Compl. [Doc. No. 14]

1

¶¶ 6-10.) Klucas initially entered into an employment agreement with Defendant Oak Park Mall Limited Partnership ("Oak Park") to work as a general manager of the Oak Park Mall located in Austin, Minnesota. (*Id.* ¶ 7.) The agreement provided for an annual salary of $32,500, and an incentive bonus of 15% of the annual salary payable based on Klucas's achievement of goals determined by her employer. (*Id.* ¶ 8.) She held this position until her resignation in October 2019. (*Id.* ¶ 6.) Klucas also worked as the property manager for several malls outside of Minnesota, all of which were managed by Defendant M.H. Graff & Associates. (*Id.* ¶ 9.) Klucas alleges that all the defendants were "affiliated" with one another. (*Id.* ¶¶ 2-4.)

Beginning in 2016, Defendants allegedly failed to pay Klucas's bonuses in full. Defendant Austin Management LLC d/b/a Austin Management Associates ("Austin Management") paid Klucas's salary and bonuses until 2016, when Klucas received "only part of her bonus due." (*Id.* ¶ 12.) Klucas alleges that she was not paid the full bonus she was entitled to for work performed in 2016 through her resignation in 2019, even though she met the goals set by Austin Management. (*Id.* ¶¶ 16-18.) In total, Klucas alleges that Defendants shorted her $44,833 in bonuses. (*Id.* ¶ 19.) Klucas allegedly requested that Defendants pay the past-due bonuses several times between 2016 and 2019, and Defendants promised to pay but never did. (*Id.* ¶ 20.)

Klucas alleges that Defendants' failure to pay her bonuses violates Minnesota Statutes § 181.14, entitling Klucas to damages including the past-due bonus amounts and a civil penalty, attorneys' fees, and costs. She also asserts claims for breach of contract, unjust enrichment, and conversion. Finally, Klucas alleges that Defendants' conduct

2

constitutes civil theft under Minnesota Statutes § 604.14. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000. In addition, Defendants move to dismiss Counts IV and VI under Rule 12(b)(6), arguing that Klucas has failed to state a claim for conversion and civil theft.

## II.    DISCUSSION

### A.    Subject-Matter Jurisdiction

Where the defendant argues that the facts alleged in the complaint fail to establish subject-matter jurisdiction—as Defendants argue here—the plaintiff is afforded similar safeguards as in a Rule 12(b)(6) motion. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Namely, the Court must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and determine whether the plaintiff's alleged facts "affirmatively and plausibly suggest" that jurisdiction exists. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The Court's review is limited to the face of the pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015).

A federal court has diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendants do not challenge the diversity-of-citizenship requirement. Rather, Defendants argue that Klucas has failed to plead an amount in controversy greater than $75,000.

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal

3

certainty that the claim is really for less than the jurisdictional amount." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (quoting *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994)) (alteration in original). The amount-in-controversy requirement is satisfied "when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "[T]he question is not whether damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *Skoda v. Lilly USA LLC*, 488 F. App'x 161, 162 (8th Cir. 2012) (citing *Kopp*, 280 F.3d at 885). "Both punitive damages and attorneys' fees are included in the calculation of the amount in controversy." *Peterson v. BASF Corp.*, 12 F. Supp. 2d 964, 968 (D. Minn. 1998) (citations omitted).

A fact finder could legally conclude that Klucas's damages exceed $75,000. Klucas alleges that Defendants owe her $44,833 in bonuses. (Am. Compl. ¶ 19.) Klucas further alleges that the Defendants' failure to pay this sum violated Minnesota Statutes § 181.14, which allows for a penalty based on Klucas's average daily wage. This penalty allegedly amounts to $3,842.25. (*Id.* ¶ 3.) In addition, if Klucas succeeds on her § 181.14 claim, she will be entitled to a mandatory award of reasonable costs and attorneys' fees. *See* Minn. Stat. § 181.171, Subd. 3. Klucas would need to obtain an attorneys' fee award of $26,324.76 to pass the amount-in-controversy threshold ($44,833 + $3,842.25 + $26,324.76 = $75,000.01). The Court finds that it is possible for Klucas to obtain such an award in this case. *See Zellner-Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587 (PJS/JSM), 2012 WL 2952251, at *3 (D. Minn. July 19, 2012) ("The proponent of federal jurisdiction

is not required to prove that damages *will* exceed the jurisdictional amount. . . . [T]he proponent need prove what is possible, not what is likely."); *cf. Mueller v. RadioShack Corp.*, No. 11-CV-0653 (PJS/JJG), 2011 WL 6826421, at *2 (D. Minn. Dec. 28, 2011) ("In this Court's experience, it is a rare case that can be litigated in federal court through even the summary-judgment stage for less than $17,300. This Court has regularly awarded far more than $17,300 in fees in cases that were resolved at or before the summary-judgment stage."). Therefore, the Court finds that Klucas has satisfied the amount-in-controversy requirement, and the Court denies Defendants' Motion to Dismiss under Rule 12(b)(1).

### B.     Failure to State a Claim

Defendants also argue that Klucas's Amended Complaint fails to state a claim for which relief may be granted with respect to Klucas's conversion and civil theft claims. When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.*

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by

5

mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### 1. Conversion

Klucas alleges that by failing to pay her the bonuses owed under her employment contract, Defendants committed conversion. "Conversion occurs when a person 'willfully interferes with the personal property of another without lawful justification, depriving the lawful possessor of use and possession.'" *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 896 N.W.2d 115, 125 (Minn. Ct. App. 2017), *aff'd*, 913 N.W.2d 687 (Minn. 2018) (quoting *Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003)). However, Minnesota courts recognize the independent-duty rule. Under the independent-duty rule, "when a plaintiff seeks to recover damages for an alleged breach of contract he is limited to damages flowing only from such breach except in exceptional cases where the defendant's breach of contract constitutes or is accompanied by an independent tort." *Wild v. Rarig*, 234 N.W.2d 775, 789 (Minn. 1975). "An independent tort may accompany a breach of contract when the defendant has a legal duty to the plaintiff arising separately from any duty imposed in the contract." *Toyota-Lift of Minnesota, Inc. v. Am. Warehouse Sys., LLC*, 868 N.W.2d 689, 696 (Minn. Ct. App. 2015) (citing *Wild*, 234 N.W.2d at 789–90).

Here, Klucas does not allege that the Defendants' failure to pay her bonuses breached a legal duty arising separately from the employment contract she entered with Oak Park. Although Klucas is entitled to plead alternative theories of recovery, her conversion claim is not supported by allegations of a legal duty to pay the bonuses that is

6

independent of her employment contract. *Cf. Staffing Specifix, Inc.*, 896 N.W.2d at 126 (holding that the independent-duty rule barred the plaintiff's conversion claim because the plaintiff's property interest in the allegedly converted funds arose solely from the plaintiff's contracts with the defendant). Because Klucas's alleged property interest in her bonuses arose from her employment agreement with Oak Park, the independent-duty rule bars her conversion claim. Accordingly, the Court grants Defendants' Motion to Dismiss as to Count IV.

### 2. Civil Theft Under Minnesota Statutes § 604.14

Klucas also alleges that, by failing to pay her the bonuses owed under her employment contract, Defendants committed civil theft in violation of Minnesota Statutes § 604.14. Under § 604.14, "[a] person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages . . . ." Minn. Stat. § 604.14, Subd. 1. The Minnesota Court of Appeals has interpreted the word "steal" to mean "that a person wrongfully and surreptitiously takes another person's property for the purpose of keeping it or using it." *Staffing Specifix, Inc.*, 896 N.W.2d at 126 (quoting *TCI Bus. Capital, Inc. v. Five Star Am. Die Casting, LLC*, 890 N.W.2d 423, 431 (Minn. Ct. App. 2017)). "This definition makes clear that for a person to steal something, there must be some initial wrongful act in taking possession of the property." *Id.*

Klucas does not allege that Defendants committed an initial wrongful act in taking the bonuses owed to her. The funds Defendants allegedly owed to Klucas never left Defendants' possession, and Defendants therefore never committed an "initial wrongful

act in taking possession" of those funds. *Id.* The Amended Complaint contains no allegations to the contrary. Because Klucas has not plausibly alleged that Defendants obtained possession of the money owed to Klucas through an initial wrongful act, the Court grants Defendants' Motion to Dismiss as to Count VI.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 15] is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's Motion to Dismiss is **GRANTED** as to Counts IV and VI of the Amended Complaint, and these claims are **dismissed**.

2. Defendant's Motion to Dismiss is **DENIED** as to Counts I, II, III, and V of the Amended Complaint.

**IT IS SO ORDERED.**

Dated: October 26, 2020                                s/Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge